**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SUE ELLEN DENT,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>SF-1221-22-0149-W-2<br><br><br>DATE: March 22, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher D. Vaughn, Esquire, Decatur, Georgia, for the appellant.

Camille D. Stroughter, Esquire, Oakland, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

¶1　　The agency has filed a petition for review of the initial decision, which granted corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances:　the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.　Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.　In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.　*See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED (1) to clarify the scope of the Board's jurisdiction in this matter, (2) to supplement the administrative judge's analysis of the knowledge/timing test, and (3) to supplement the administrative judge's analysis of the second *Carr* factor, we AFFIRM the initial decision.

## BACKGROUND

¶2 On December 29, 2021, the appellant filed an IRA appeal with the Board alleging, among other things, that the agency had removed her from her position as a Social Worker during her probationary period because she had made protected disclosures. *Dent v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-22-0149-W-1, Initial Appeal File (IAF), Tab 1 at 6-7, 31-32, Tab 8 at 121. With her initial appeal form, the appellant provided an October 29, 2021 close-out letter from the Office of Special Counsel (OSC). IAF, Tab 1 at 27-28. Although the appellant initially requested a hearing on the matter, she subsequently withdrew her request. *Id.* at 2; *Dent v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-22-0149-W-2, Appeal File (I-2 AF), Tab 12 at 4-5.

¶3 Based on the written record, the administrative judge issued an initial decision granting the appellant's request for corrective action. I-2 AF, Tab 31, Initial Decision (ID) at 1, 26. In so doing, the administrative judge explained that

the appellant had identified five alleged protected disclosures; however, she had only shown by preponderant evidence that she had made two protected disclosures under 5 U.S.C. § 2302(b)(8), i.e., disclosures 1 and 4.[2]  ID at 3-15. Regarding disclosure 1, the administrative judge found that the appellant had shown that, between November 6, 2019, and December 19, 2019, she made a series of disclosures regarding the agency's improper storage of veterans' personal health information in an unrestricted folder maintained on a shared network.  ID at 4-11.  Regarding disclosure 4, the administrative judge found that the appellant had shown by preponderant evidence that, on February 6-7, 2020, she disclosed to agency management personnel the aforementioned privacy concerns, as well as, among other things, the fact that she had been subjected to harassment.  ID at 11-13.  The administrative judge concluded that the appellant had shown that disclosures 1 and 4 were a contributing factor in her probationary termination.  ID at 15-20.  Via footnote, the administrative judge acknowledged that the appellant had also alleged that she had been subjected to a hostile working environment, which could amount to a significant change in working conditions and, therefore, a covered personnel action; however, he found that the appellant had failed to prove this personnel action.  ID at 15 n.6.  He thereafter found that the agency failed to show by clear and convincing evidence that it would have removed the appellant absent her protected disclosures.  ID at 20-26.

---

[2] By analyzing the merits of the five alleged disclosures identified by the appellant, IAF, Tab 9 at 4, Tab 11 at 1, the administrative judge implicitly found that the Board has jurisdiction over the same, ID at 4-15.  Similarly, the administrative judge implicitly found that the Board has jurisdiction over the two alleged personnel actions in this matter, i.e., the appellant's probationary termination and her allegation of a significant change in working conditions.  IAF, Tab 5 at 7, Tab 11 at 1; ID at 15 & n.6; *see* 5 U.S.C. §§ 2302(a)(2)(A)(iii), (xii).  We modify the initial decision to explicitly find that the Board has jurisdiction over all of these issues and to find that the appellant exhausted her claims with OSC.  IAF, Tab 1 at 27-28, Tab 5 at 33-71; *see Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11 (explaining the requirements of exhaustion); *see also MaGowan v. Environmental Protection Agency*, 119 M.S.P.R. 9, ¶ 5 (2012) (explaining that, in an IRA appeal, the standard for establishing jurisdiction is a nonfrivolous claim, whereas the standard for establishing a prima facie case on the merits is preponderant evidence).

The administrative judge ordered both interim relief and corrective action. ID at 26-28.

¶4 The agency has filed a petition for review of the initial decision, the appellant has filed a response, and the agency has filed a reply. Petition for Review (PFR) File, Tabs 1, 5-6. In the petition and reply, the agency argues the following: (1) the administrative judge erred in assessing witness credibility; (2) the appellant failed to prove that her disclosures contributed to her removal; and (3) the agency showed by clear and convincing evidence that it would have removed the appellant absent her disclosures. PFR File, Tab 1 at 4-10, Tab 6 at 4-9.

¶5 Additionally, the appellant has challenged the agency's certification of compliance with the interim relief order, and the agency has responded to this challenge. PFR File, Tab 3 at 4-7, Tab 4 at 4-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 Under the Whistleblower Protection Enhancement Act of 2012, an appellant may establish a prima facie case of retaliation for whistleblowing disclosures and/or protected activity by proving by preponderant evidence[3] that (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the whistleblowing disclosure or protected activity was a contributing factor in the agency's decision to take a personnel action against her. 5 U.S.C. § 1221(e)(1); *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015).

¶7 If the appellant makes out a prima facie case, the agency is given an opportunity to prove, by clear and convincing evidence,[4] that it would have taken

---

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[4] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. It is a higher standard than preponderant evidence. 5 C.F.R. § 1209.4(e).

the same personnel action in the absence of the protected disclosure or activity. 5 U.S.C. § 1221(e)(1)-(2); *Webb*, 122 M.S.P.R. 248, ¶ 6. In determining whether an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 11 (2010). In addition, the Board is mindful that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

<u>The appellant's motion to dismiss for noncompliance with the administrative judge's interim relief order is denied as moot.</u>

¶8        The appellant challenges the agency's certification of compliance with the interim relief order and requests that the Board dismiss the agency's petition for review. PFR File, Tab 3 at 4-7. She contends, among other things, that the agency (1) failed to provide sworn statements and (2) merely indicated that it would take certain actions but did not actually complete these actions prior to submitting the certification. *Id.* Because we deny the agency's petition for review, the issuance of our Final Order renders moot any dispute concerning the agency's compliance with the interim relief order; accordingly, we deny the appellant's motion as moot. *See Guillebeau v. Department of the Navy*, 362 F.3d 1329, 1332-33 (Fed. Cir. 2004) (explaining that the Board has discretion in

deciding whether to dismiss a petition for review for failure to comply with an interim relief order); *see also Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 20 (2016) (concluding that the Board's issuance of a final decision rendered moot the parties' dispute concerning the agency's compliance with the interim relief order).

¶9        If the appellant believes that the agency is in noncompliance with the Board's Final Order, she may file a petition for enforcement in accordance with the instructions provided below. *See Elder*, 124 M.S.P.R. 12, ¶ 20.

The agency's assertions regarding the administrative judge's witness credibility determinations do not compel a different outcome.

¶10       The agency argues that the administrative judge erred in analyzing witness credibility. PFR File, Tab 1 at 5-7, Tab 6 at 4-7. To this end, the agency asserts the following: (1) the administrative judge erred in assessing the credibility of agency employee H.F.; (2) the administrative judge did not sufficiently analyze the credibility of each witness; and (3) the administrative judge's credibility determinations are not entitled to deference because the matter was decided based on the written record. PFR File, Tab 1 at 5-7, Tab 6 at 4-7. We find these assertions unavailing.

¶11       The agency asserts that the administrative judge found agency witness H.F. not to be credible "simply because [H.F.] could not initially recall" how she had stored data relevant to disclosure 1, but later refreshed her recollection. PFR File, Tab 1 at 6. Contrary to the agency's assertion, however, the administrative judge identified several reasons why he found H.F.'s version of events to be less credible than the appellant's version of events. ID at 6-9. The agency's disagreement with the administrative judge's reasoned credibility determination and any factual findings stemming therefrom does not provide a basis to disturb the initial decision. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made

reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶12    The agency generally contends that the administrative judge failed to provide an "in-depth" assessment of the credibility of each agency witness and that his erroneous assessment of H.F.'s credibility "had a poisonous and deleterious effect" that "bled into" his assessments of the other agency witnesses. PFR File, Tab 1 at 5-7, Tab 6 at 5. It asserts that the administrative judge's assessments of the credibility of agency witnesses "were unexplained other than an outright adoption of the same bias held against [H.F.]." PFR File, Tab 6 at 5. We disagree and find that the administrative judge's credibility determinations were appropriately based on the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). *E.g.*, ID at 22-24. To the extent the agency asserts that the administrative judge's credibility determinations are indicative of bias against the agency, PFR File, Tab 6 at 5, we disagree, *see Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013) (explaining that there is a presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of personal bias and that the Board will not infer bias based on an administrative judge's case-related rulings).

¶13    Lastly, the agency contends that the administrative judge's credibility determinations are not entitled to deference and should be given a "heightened degree of scrutiny" because the matter was decided based on the written record. PFR File, Tab 6 at 5-6. When no hearing is held and the administrative judge's findings are based solely on the written record, the Board will give those findings only the weight warranted by the record and the strength of his conclusions. *See Donato v. Department of Defense*, 34 M.S.P.R. 385, 389 (1987). Here, however, the agency has not identified any error with the administrative judge's credibility determinations or otherwise provided a basis to disturb any of his findings

stemming therefrom; thus, regardless of the degree of deference given, a different outcome is not warranted.[5]

<u>The agency does not provide a basis to disturb the administrative judge's conclusion that the appellant proved that her protected disclosures contributed to her removal.</u>

¶14    The agency argues that the appellant failed to show that her disclosures contributed to her removal. PFR File, Tab 1 at 7-8. In this regard, the agency acknowledges that the decision to remove the appellant was based on several reports of conduct filed by agency employees regarding the appellant; however, it avers that the majority of these reports were drafted by nonsupervisory agency personnel "who were not privy to [the appellant's] protected disclosures." *Id.* The agency also asserts that the knowledge/timing test "works best when the 'knowledgeable' deciding official can be said to be influenced by the recent protected disclosures." *Id.* at 8. We find these assertions unpersuasive.

¶15    An appellant's protected activity is a contributing factor if it in any way affects an agency's decision to take, or fail to take, a personnel action. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). One way to establish contributing factor is the knowledge/timing test. *Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009). Under this test, an appellant can prove the contributing factor element through evidence showing that the official taking the personnel action knew of her protected activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action. *Id.*

¶16    Actual knowledge on part of the deciding official, however, is not the only manner by which an appellant may satisfy the knowledge/timing test. Indeed, an

---

[5] To the extent the agency argues that it was improper for the administrative judge to decide the matter without holding a hearing, PFR File, Tab 1 at 7, the agency's argument is unavailing, *see Thomas v. Department of Veterans Affairs*, 51 M.S.P.R. 218, 220 (1991) (explaining that an agency has no statutory right to a hearing).

appellant also may satisfy the knowledge prong of the knowledge/timing test by proving that the official taking the action had constructive knowledge of the protected disclosure, even if the official lacked actual knowledge. *Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014). An appellant may establish constructive knowledge by showing that an individual with actual or constructive knowledge of the disclosure influenced the official accused of taking the retaliatory action. *See Karnes v. Department of Justice*, 2023 MSPB 12, ¶¶ 19-20. Indeed, in an IRA appeal, the party before the Board is the agency, not its individual officials, and lack of knowledge by a particular official is not dispositive. *Nasuti*, 120 M.S.P.R. 588, ¶ 7.

¶17    Here, the agency's assertions do not provide a basis to disturb the administrative judge's conclusion that the appellant satisfied the knowledge prong of the knowledge/timing test. ID at 15-20. For example, the record supports his findings that agency employees H.F., T.S., and A.I. all (1) had actual knowledge that the appellant made disclosure 1; (2) had constructive knowledge that the appellant made disclosure 4; and (3) filed reports of contact that were critical of the appellant, many of which the agency admittedly relied on in deciding to terminate the appellant during her probationary period.[6] ID at 16-20. In other words, the record supports the administrative judge's implicit conclusion that the deciding officials had constructive knowledge of the appellant's protected disclosures. *Id.* To the extent the agency challenges any of the administrative judge's specific findings in this regard, PFR File, Tab 1 at 7-8, its vague

---

[6] The probationary termination letter explained that the agency's Chief of Social Work Service, K.S., had recommended the appellant's termination. I-2 AF, Tab 18 at 77-78, Tab 28 at 29. In making this recommendation, K.S. relied on an evidence file that she had been provided. *E.g.*, I-2 AF, Tab 28 at 30-31. This file contained 10 reports of contact critical of the appellant, 9 of which were submitted by H.F., T.S., or A.I., who, as indicated, had actual or constructive knowledge of both disclosures. PFR File, Tab 1 at 4; ID at 16, 18, 21-22; IAF, Tab 8 at 13-14, 74-93; I-2 AF, Tab 28 at 31. The remaining report on which K.S. admittedly relied was written by agency employee J.B., who had been instructed to complete the report by N.B. ID at 24-25; IAF, Tab 8 at 86. The agency does not challenge the administrative judge's conclusion that N.B. had actual knowledge of disclosure 4. ID at 17.

assertions do not warrant a different outcome, *see Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge); *see also* 5 C.F.R. § 1201.115(a)(2). Thus, we discern no basis to disturb the administrative judge's conclusion that the appellant satisfied the knowledge prong of the knowledge/timing test.

¶18    Insofar as it is undisputed that the appellant worked at the agency for less than 1 year, we supplement the initial decision to explicitly find that the appellant also satisfied the timing prong of the knowledge/timing test. IAF, Tab 8 at 20, 121; *see Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015) (explaining that the Board has held that a personnel action taken within approximately 1 to 2 years of a protected disclosure satisfies the knowledge/timing test). Accordingly, we find that the appellant satisfied the knowledge/timing test and, therefore, proved that her protected disclosures were a contributing factor in her probationary termination.

We discern no basis to disturb the administrative judge's conclusion that the agency failed to show by clear and convincing evidence that it would have removed the appellant absent her protected disclosures.

¶19    The agency argues that it satisfied its burden of showing by clear and convincing evidence that it would have removed the appellant from her position absent her protected disclosures. PFR File, Tab 1 at 8-9. In this regard, the agency challenges the administrative judge's analysis of the three *Carr* factors. *Id.* We find the agency's arguments in this regard unpersuasive.

The agency's assertions regarding the first Carr factor are unavailing.

¶20    The agency challenges the administrative judge's analysis of the first *Carr* factor, i.e., the strength of the agency's evidence in support of its removal action, by asserting that it presented "unequivocal" evidence in support of its termination action, i.e., the reports of contact. *Id.* at 8. We find this challenge unavailing.

¶21    Here, the administrative judge fully considered the reports of contact relied on by the agency to terminate the appellant, but reasoned, among other things, that many of the reports were uncorroborated, petty, subjective, or confounding. ID at 22-23.  For example, he reasoned that some of the reports included subjective assessments of the appellant's tone and mannerisms, to include stating that she had a "flat affect."  ID at 23.  The administrative judge also reasoned that, although the appellant had submitted detailed responses to the reports of contact that cast doubts on the credibility of statements made therein, the agency had provided "exceedingly little" to rebut the appellant's responses.  ID at 25.  In other words, the administrative judge fully considered the reports relied on by the agency but found that the overwhelming majority of these reports did not credibly support the agency's claimed concerns regarding the appellant's workplace conduct.  The agency's general disagreement with this reasoned finding is unavailing.  *See Tines*, 56 M.S.P.R. at 92.  Accordingly, the agency has not presented a basis to disturb the administrative judge's conclusion that the agency's evidence in support of the appellant's probationary termination was "quite weak."  ID at 26.  Thus, the first *Carr* factor weighed against the agency. *See Smith v. Department of the Army*, 2022 MSPB 4, ¶¶ 23-26, 31 (reasoning that the evidentiary record did not support the agency's proffered explanation for its decision not to select the appellant for a position, and, therefore, the first *Carr* factor weighed against the agency).

The agency's assertions regarding the second Carr factor do not compel a different outcome.

¶22    Regarding the second *Carr* factor, i.e., the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision, the agency contends that agency officials were not motivated to retaliate against the appellant because her disclosures concerned "less than egregious incidents" and "relatively minor infractions and violations" that would not have negatively impacted agency management beyond corrective action such as the

direction of "a more secured storage of veteran patient data, as well as an investigation to determine if the [a]ppellant's harassment claims were viable." PFR File, Tab 1 at 8-9, Tab 6 at 8.

¶23          Here, the evidentiary record supports the administrative judge's finding that agency officials indirectly involved in the appellant's termination had strong motives to retaliate against her; indeed, the appellant's disclosures reflected poorly on these employees. ID at 26; *see Mangano v. Department of Veterans Affairs,* 109 M.S.P.R. 658, ¶ 30 (2008) (explaining that the officials "involved" in the action may encompass officials upon whom the proposing or deciding official relied for information). Additionally, we supplement the administrative judge's analysis to find that the agency managerial personnel indirectly involved in the appellant's termination also likely harbored retaliatory motives because the appellant's disclosures reflected negatively on them as managers and representatives of the agency's general institutional interests. To this end, the appellant's disclosures concerned, among other things, the improper storage of the data of approximately 100 veteran patients. ID at 4. This data included veterans' full names, addresses, social security numbers, birthdates, phone numbers, emails, employment information, income, medical diagnoses, and treatment histories. *Id.* The improper storage of this private information reflects poorly on the agency; thus, the disclosure thereof may well have generally impugned the reputation of agency management resulting in professional retaliatory motives. *See Robinson v. Department of Veterans Affairs*, 923 F.3d 1004, 1019 (Fed. Cir. 2019) (explaining that those responsible for the agency's overall performance may well be motivated to retaliate, even if they are not directly implicated by the disclosures, as the criticism reflects on them in their capacities as managers and employees); *see also Chambers v. Department of the Interior,* 116 M.S.P.R. 17, ¶ 69 (2011) (finding that agency managers had a motive to retaliate because the appellant's disclosures reflected on them as representatives of the general institutional interests of the agency).

<u>The agency's assertions regarding the third Carr factor are unpersuasive.</u>

¶24    Lastly, regarding the third *Carr* factor, i.e., any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated, the agency asserts that "[w]ith an employee in a permanent career-conditional appointment, policy dictates this showing must be made [but for a probationary employee] less of a showing need be made because one's continued employment is tied to the successful completion of the probationary period."[7]    PFR File, Tab 1 at 9.  We interpret this assertion as an argument that the third *Carr* factor is inapplicable to this appeal because the appellant was a probationary employee at the time of her removal.    This argument, however, is misplaced.    *See, e.g., Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 34 (2013) (considering whether two probationary employees were similarly situated for purposes of the third *Carr* factor).  In any event, the administrative judge implicitly found that the third *Carr* factor was effectively removed from consideration because no evidence regarding valid comparators had been presented.  ID at 26 & n.11; *see Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 18 (explaining that, because the agency bears the burden of proof, when it fails to introduce relevant comparator evidence, the third *Carr* factor is effectively removed from consideration and cannot weigh in the agency's favor).

---

[7]  The agency also asserts that "probationers can be terminated for any perceived deficiency in performance or conduct."  PFR File, Tab 6 at 7.  Although a probationary employee such as the appellant is afforded fewer procedural protections than a tenured employee, such an employee is protected from whistleblower retaliation.  *See Baggan v. Department of State*, 109 M.S.P.R. 572, ¶¶ 9-10 (2008) (explaining that, even when the Board lacks direct jurisdiction over the termination of a probationary employee, an appellant may request review in an IRA appeal).  Accordingly, regardless of the appellant's probationary status, it remained the agency's burden to prove, under the clear and convincing standard, that it would have terminated her in the absence of her protected disclosures.  *See Hugenberg v. Department of Commerce*, 120 M.S.P.R. 381, ¶ 19 n.4 (2013) (clarifying that, when the appellant is a probationary employee, the evidentiary burden on the agency with respect to a whistleblower retaliation claim is no less than when the appellant is a tenured employee).

¶25     Thus, we discern no basis to disturb the administrative judge's conclusion that the agency failed to show by clear and convincing evidence that it would have removed the appellant absent her disclosures.

¶26     Accordingly, we affirm the initial decision as modified.

## ORDER

¶27     We ORDER the agency to cancel the appellant's termination and to restore the appellant effective May 1, 2020. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶28     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶29     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶30     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not

fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶31    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST CONSEQUENTIAL AND/OR COMPENSATORY DAMAGES

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages. To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.204.

In addition, the Whistleblower Protection Enhancement Act of 2012 authorized the award of compensatory damages including interest, reasonable expert witness fees, and costs, 5 U.S.C. § 1214(g)(2), which you may be entitled to receive.

If you believe you are entitled to these damages, you must file a motion for consequential damages and/or compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE PARTIES

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Gina K. Grippando

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63).
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.